# Garland Chain Company, Appellant, *v.* Rankin Borough.

*Sewers—Wrongful construction—Trespass—Waiver of trespass—Viewers.*

Where a borough, in constructing a sewer, does not follow the line prescribed by the ordinance authorizing the construction, a property owner injured by the illegal act may maintain an action of trespass against the borough; but if such owner petitions for the appointment of viewers, he cannot in the proceedings before the viewers recover for the tortious acts of the borough arising from the unlawful entry.

Argued Oct. 22, 1909. Appeal, No. 106, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1901, No. 562, on verdict for defendant in case of Garland Chain Company v. Rankin Borough. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from award of viewers. Before SHAFER, J.
Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were in overruling the various offers of evidence referred to in the opinion of the Supreme Court.

*J. M. Stoner,* for appellant.

*Jos. F. Mayhugh,* with him *Robert F. Graham* and *James A. Nugent,* for appellee.

PER CURIAM, January 3, 1910:
On July 6, 1900, the borough of Rankin passed an ordinance providing for the location and construction of a sewer on land owned by the plaintiff. In constructing the sewer the courses and distances described in the ordinance were not strictly followed, and the sewer was built on one side of the line fixed by the ordinance and on the bed of an ancient water course in the bottom of a gully that crossed the land and had a depth

varying from ten to twenty-five feet. After the completion of the sewer the plaintiff filed a petition for the appointment of viewers to assess its damages, thus electing to waive the trespass committed and to proceed for compensation. The proceeding in the common pleas was on appeal from the report of the viewers.

It was claimed by the plaintiff that at the time of the passage of the ordinance it was arranging to make improvements of property, and that it had prepared plans with reference to the location of the sewer as fixed by the ordinance; that the change in location made the preparation of new plans necessary, causing delay and additional expense and loss of material that had been prepared, and forced upon it a plan of construction that injuriously affected the value of the property; and also that the discharge of sewage polluted the atmosphere around its works and the water in the river where its intake pipe was located. The assignments of error mainly relate to the overruling of offers of testimony to establish these claims.

The plaintiff could have treated the unlawful entry on its land outside of the location fixed by the ordinance as a trespass, and have maintained an action therefor. It chose not to do this and presented a petition for the appointment of viewers to fix the compensation to which it was entitled. To this petition it affixed a copy of the ordinance of condemnation of July 6, 1900, and the proceeding it instituted was in conformity with the act of assembly for the assessment of damages in cases of condemnation. In this proceeding there could be no recovery for the tortious acts of the borough arising from an unlawful entry. It was a ratification of the location as of the date of the ordinance: McClinton v. R. R. Co., 66 Pa. 404.

We find no merit in the assignments, and the judgment is affirmed.