## Scafetta v. City of Chester

*Donald H. Pugh,* for plaintiffs.

*Edward J. Zetusky, Jr.,* for defendant.

DeFURIA, J., March 30, 1970.—Plaintiffs attempted, by means of adroit pleading, to allege that the City of Chester, acting as a condemnor, injured four separate pieces of real estate in which plaintiffs had an interest. The City of Chester preliminarily objected to the four petitions for jury of view, and the objections were consolidated for argument and disposition.

The bases of the city's objections are: Failure to aver a condemnation or taking by eminent domain and failure to state a cause of action compensable in eminent domain proceedings. The city avers that plaintiffs' claim is in trespass, but was couched in pseudo-condemnation terms in order to avoid legal defenses and gain unwarranted damages.

Plaintiffs, averring a property interest, filed petitions for viewers to secure damages under the Eminent Domain Code of June 22, 1964, P. L. 84, 26 PS §1-201. Thus, by the form of pleading alone, plaintiffs made the city a condemnor, although not one word of plaintiffs' petition so characterizes the city. However, if the pleading, the petition, contained sufficient factual averments making the city a condemnor, petitioners would be entitled to relief in condemnation proceedings. Therefore, the city was forced to raise the issues by preliminary objections under the Pennsylvania Rules of Civil Procedure, since no pleadings are provided for under the Eminent Domain Code, and preliminary objections thereunder are limited to the condemnee: Section 406.

Plaintiffs are now ready with their second tactic. They claim that the city's objections admit the allegations of their petition. Thus, they seek to create by improper pleading facts and inferences which are

nonexistent. Plaintiffs forget, however, that only *well pleaded* facts are admitted: Bonanno v. Murray Corporation of America, 185 Pa. Superior Ct. 230 (1958); Regelski v. F. W. Woolworth Co., 423 Pa. 524 (1967).

Plaintiffs did not deny at argument that the city had demolished the properties as nuisances under the provisions of the Third Class City Code, 53 PS §37403-16, after giving the *legal titleholder* proper notices and posting the premises. Plaintiffs stood on the technicality that the city's objections admitted a compensable eminent domain injury, and the city could not raise any defense of removal under police power.

Let us examine plaintiffs' petition. It alleges petitioners are "equitable owners in fee simple." Obviously, a crude attempt to claim both legal and equitable title, although the petition admits that the legal titleholder was in the estate of Charles Palmer, deceased.

Nowhere do plaintiffs allege how they became equitable owners. Assuming they were, no allegation is made that they were equitable owners *of record.* Next, they allege that, "with no warning or notice to petitioners," the properties were demolished by the city. Plaintiffs do not, and cannot, allege that they were entitled to any notice. Under the Third Class City Code, only record holders of title interest and tenants are entitled to notice. Under the Eminent Domain Code, the holder of an unrecorded property interest is not entitled to notice. See sections 404 and 405.

Plaintiffs do not allege they were in possession, nor that their equitable interest, presumably under an agreement of sale, was of record. In fact, the premises were dilapidated, unoccupied, in ruinous and dangerous condition. Such properties are often acquired by real estate scavengers.

What is the effect of the city's admission that no notice was given to petitioners? None, for none was required. But the allegation does mean that the demolition was tortious, or without legal right. If so, then the claim sounds in trespass.

Petitioners state that an equitable titleholder is entitled to damages in condemnation. True, if their property interest was condemned. But every injury to private property is not compensable in eminent domain proceedings.

The Pennsylvania Constitution mandates just compensation for property taken, injured or destroyed, but only when condemned or done *by a condemnor for a public purpose:* Article X, sec. 4, art. I, sec. 10. However, if the property is injured tortiously, while just compensation must be made, the forum is not in condemnation. See Burkholder v. Commonwealth, 347 Pa. 478, 480 (1943); Culver v. Commonwealth, 346 Pa. 262 (1943); Snitzer, Pennsylvania Eminent Domain, secs. 201(1)-4, 5. The code does not enlarge or abridge the power of condemnation: Section 402, comment.

A proper exercise of the police power is not a taking by eminent domain. The constitutional dichotomy between the police power and the power of eminent domain is discussed by Snitzer in a new section of his text: 201(1)-1(a), Supplement.

Commonwealth Appeal, 422 Pa. 72 (1966), settled this issue in Pennsylvania. If the exercise of the police power amounts to a "taking," the owner's remedy is not in condemnation proceedings, but through other legal avenues.

As we have indicated, the forum is important. The proof, defenses and damages all vary according to the forum in which the claim is justiciable.

Here, at most, petitioners allege equitable ownership in realty injured by the city. Since no allegation

is made that the injury was for a public purpose by a condemnor, no cause of action in eminent domain has been pleaded. Since an allegation of lack of notice is made, the claim sounds in trespass.

Wherefore, the preliminary objections must be sustained.

### ORDER

And now, March 30, 1970, the preliminary objections of the City of Chester are sustained and the petitions of Joseph Scafetta and Joseph Scafetta, Jr., are dismissed.