Commonwealth of Pennsylvania, Department of Transportation, Appellant, *v.* Charles E. Castillo and Patricia A. Castillo, Appellees.

Argued June 4, 1974, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William D. Miller,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Jon A. Yost,* with him *James B. Pannebaker* and *Pannebaker and Yost,* for appellees.

OPINION BY JUDGE WILKINSON, June 26, 1974:

Appellees filed a petition for appointment of viewers in the Court of Common Pleas of Dauphin County, alleging a de facto taking under the provisions of Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, 26 P.S. §1-502(e), which provides: "If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury." In the petition, appellees allege that they are the owners of real property located at 3268 East Harrisburg Pike and that the appellant utilized the nearby property at 3209 East Harrisburg Pike for the

purpose of storing calcium chloride. As to the manner of storing, the allegation states: "Said calcium chloride was not containerized but was stored in a large pile on the ground." The next paragraph states: "By reason of the prolonged storage of the aforementioned calcium chloride in the open air, subject to the natural elements, a large amount of said calcium chloride has seeped into the ground and infiltrated the water table causing the water in the wells of residents of the nearby land, and specifically the well of petitioners, to become contaminated and unfit for consumption or for use for other household purposes."

Appellant filed preliminary objections raising the question of whether a de facto taking has been alleged, a motion for a more specific pleading in that no date has been alleged for the taking, and there had been no allegation that the damage was permanent. Appellant also raised the pendency of a prior action, attaching a copy of the complaint appellees had filed in the Court of Common Pleas of Dauphin County against the owner of the land at 3209 and the foreman of the Highway Department who, it is alleged, negligently placed the calcium chloride on 3209.

The lower court heard argument and overruled all of the preliminary objections, stating that the fundamentals of the case were controlled by *Rawls v. Central Bucks Joint School Building Authority,* 8 Pa. Commonwealth Ct. 491, 303 A. 2d 863 (1973). We must reverse.

The controlling facts of the instant case, which distinguishes it from *Rawls, supra,* and all other cases of this and other courts in the past which have granted relief for de facto takings, either before or after the Eminent Domain Code, are that here it is apparent from the facts alleged that the harm suffered by the petitioners-appellees was not the direct, immediate, necessary, and unavoidable consequence of the storage of calcium

chloride. Indeed, as alleged in the petition, the damage was the result of the uncontainerized storage and its long exposure to the open air which caused it to seep into the ground and resulted in the alleged damages. From the facts alleged, had the calcium chloride been containerized properly, protected from the elements, and not permitted to seep into the ground, it could have been stored on these premises without damage resulting.

On its facts, the instant case most nearly resembles the facts of *Lizza v. City of Uniontown*, 345 Pa. 363, 28 A. 2d 916 (1942). There, ditches which were being dug for the city were permitted to fill and remain full of water until the water seeped through and damaged the foundation of the adjoining property. The Supreme Court of Pennsylvania ruled that any redress would have to be secured in an action of trespass for negligence and not in eminent domain. To the same effect with regard to damage caused by water running through cuts in the Pennsylvania Turnpike right of way and carrying silt onto the lands of claimants, see *Ewalt v. Pennsylvania Turnpike Commission*, 382 Pa. 529, 535, 115 A. 2d 729, 732 (1955). There, Justice CHARLES ALVIN JONES (later Chief Justice) stated: "This is not a case of injury due to an exercise of the Commission's power of eminent domain. The injury here pleaded is a continuing trespass arising out of the Commission's construction, operation and maintenance of the turnpike."

The law abhors absolutes as nature abhors a vacuum. Nevertheless, the briefs submitted, as well as our research, lead us to state that so far there has not been a case in Pennsylvania where a defacto taking has been declared as a result of negligence committed by agents of the body charged with the power of eminent domain. Since we have come to the conclusion we have on the

issue of de facto taking, it is unnecessary to consider the appellant's other objections.

The decision of the court below is reversed, the order for the appointment of viewers is vacated, and the petition for the appointment of viewers is dismissed.