## Bacon v. Commonwealth

*Frederick D. Kessler,* of *Fetter & Kessler,* for plaintiffs.

*William D. Miller, Assistant Attorney General,* for defendant.

MOSER, *J.,* January 13, 1975—By order of this court (Kivko, *P. J.*), on petition of Jay F. Bacon and Ann L. Bacon (plaintiffs), viewers were appointed pursuant to section 502 of the Eminent Domain Code of June 22, 1964 (sp. sess.), P.L. 84, as amended, 26 PS §§101, et seq. The petition alleged that the Commonwealth of Pennsylvania, Department of Transportation (defendant), constructed a salt and cinder stocking area adjacent to plaintiffs' property which caused contamination of plaintiffs' wells, rendering the underground water unfit and unsafe.

Defendant filed preliminary objections to the plaintiffs' petition in the nature of an attack on the viewers' jurisdiction, a motion for a more specific pleading and a demurrer. Plaintiffs, thereafter, filed an amended petition for viewers, substantially repeating the allegations of the original petition

and reciting additional circumstances and damages. Defendant filed preliminary objections to the amended petition, again raising the same objections that were contained in the original preliminary objections.

The legal issues raised by the preliminary objections to the amended petition were argued before the court by the attorneys for the parties, both orally and by written briefs presented to the court. These issues are now before the court for disposition.

The petition for viewers in this case was filed June 21, 1974. The Commonwealth Court of Pennsylvania filed an opinion on June 26, 1974, in the case of Commonwealth v. Castillo, 14 Pa. Commonwealth Ct. 22, 321 A. 2d 394, in which the same basic questions were before the court as are presented in this case.

In Castillo, the petition by landowners for the appointment of viewers alleged a de facto taking of their property by reason of prolonged uncontainerized storage of calcium chloride in a large pile on the ground, subject to the natural elements, which seeped into the ground and infiltrated the water table, thereby contaminating the wells of the owners. The Commonwealth filed preliminary objections raising, inter alia, the question whether a de facto taking had been properly alleged. The Commonwealth appealed to the Commonwealth Court from the dismissal of the preliminary objections by the lower court.

The observations of the Commonwealth Court in Castillo are pertinent: "The controlling facts of the instant case, which distinguishes it from Rawls, supra [Rawls v. Central Bucks Joint School Building Authority, 8 Pa. Commonwealth Ct. 491, 303 A. 2d 863 (1973)], and all other cases of this and

other courts in the past which have granted relief for de facto takings, either before or after the Eminent Domain Code, are that here it is apparent from the facts alleged that the harm suffered by the petitioners-appellees was not the direct, immediate, necessary, and unavoidable consequence of the storage of calcium chloride. Indeed, as alleged in the petition, the damage was the result of the uncontainerized storage and its long exposure to the open air which caused it to seep into the ground and resulted in the alleged damages. From the facts alleged, had the calcium chloride been containerized properly, protected from the elements, and not permitted to seep into the ground, it could have been stored on these premises without damage resulting.

". . . [S]o far there has not been a case in Pennsylvania where a de facto taking has been declared as a result of negligence committed by agents of the body charged with the power of eminent domain."

From our careful examination of the record of this case, and after considering the legal arguments presented to the court by counsel, we have concluded that any redress in this situation would have to be secured by plaintiffs in an action of trespass for negligence, and not in eminent domain: Lizza v. Uniontown City, 345 Pa. 363, 28 A. 2d 916 (1942); Ewalt v. Pa. Turnpike Commission, 382 Pa. 529, 115 A. 2d 729 (1955).

Since we have come to the conclusion that no de facto taking occurred, we have determined that defendant's preliminary objection in the nature of a demurrer should be sustained, making it unnecessary for us to consider the remaining objections filed by defendant.

## ORDER

And now, January 13, 1975, defendant's preliminary objection in the nature of a demurrer is sustained, the order for the appointment of viewers is vacated, and the amended petition for the appointment of viewers is dismissed.