George Lehan and Sarah Lehan, his wife, *v*. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued October 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Timothy W. Pawol*, Assistant Attorney General, with him *Harry C. Jackson*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellant.

*J. J. McCluskey*, for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 16, 1975:

George and Sarah Lehan (appellees) own real estate on which their residence is situated in Butler Township, Luzerne County, abutting the south side of Legislative Route 653. Near the western boundary of appellees' property, the Pennsylvania Department of Transportation (appellant) maintains an earthen ditch running in a north-south direction designed to carry runoff water away from the state highway. Originally, the runoff is collected in a drain on the north side of said highway and flows under the roadway through a pipe which empties into the ditch on appellees' property.

For a number of years, appellees' neighbors, whose properties lie on the north side of Legislative Route 653, have been discharging sewage and other waste mate-

rials into appellant's drain which by gravity flows onto appellees' property through the aforementioned drainage system.[1] As a result, appellees' well has been polluted and other distasteful conditions have been created on their land.

After unsuccessful attempts to persuade appellant to remedy the situation, appellees, in December of 1974, pursuant to the Eminent Domain Code,[2] filed a petition for the appointment of a board of view in the Court of Common Pleas of Luzerne County. The petition alleges appellant to have effected a de facto taking of appellees' property by permitting the introduction of sewage into the highway drainage system producing injuries to appellees' land. Appellant filed preliminary objections to the petition.

The preliminary objections were dismissed by the lower court and this appeal followed.

Before us is the question of whether the lower court properly found appellees' petition to state a cause of action for compensable injury by reason of a de facto taking. We reverse.

This case is controlled by our decision in *Department of Transportation v. Castillo*, 14 Pa. Commonwealth Ct. 22, 321 A.2d 394 (1974). There, as here, the injury was not the immediate, direct, necessary, and unavoidable consequence of the alleged condemnor's conduct. *Castillo* mandates our holding that a de facto taking entitling a property owner to damages under the Eminent Domain Code does not occur when the alleged injury to property

---

1. Appellant, in March, 1968, did file an equity action in the Luzerne County Court of Common Pleas against the offending landowners seeking injunctive relief; appellees and the Butler Township Board of Supervisors were joined. In December, 1971, this complaint was dismissed, apparently for lack of a showing of an inadequate remedy at law.

2. Act of June 22, 1964, Special Sess., P. L. 84, *as amended*, 26 P.S. §1-502(e).

is a result of improper or negligent conduct by third parties on adjoining property and any redress for damages resulting from such conduct must be sought in a trespass action rather than in an eminent domain proceeding.

*Rawls v. Central Bucks Joint School Building Authority,* 8 Pa. Commonwealth Ct. 491, 303 A.2d 863 (1973), heavily relied upon by the learned court below and appellees, is not controlling authority. In that case, the condemnor's construction activities *directly* caused the flooding of Margaret Rawls' property. The present appeal more accurately is a result of the neighbors' dumping of waste into the highway drainage system.

Additionally, in *Rawls,* we limited our holding by stating:

> "[T]his holding, as in other de facto cases, is founded on the unique interrelationship of the unusual and particular facts as alleged herein. It is solely with these exceptional circumstances in mind that we so find there to be a compensable injury as alleged." *Rawls, supra,* 8 Pa. Commonwealth Ct. at 499-500, 303 A.2d at 867.

Very recently, we have reiterated the rule that acts not done in the exercise of the right of eminent domain and not the immediate, necessary, or unavoidable consequence thereof cannot be the basis of any claim in an eminent domain proceeding. *Condemnation of 2719, 21, 11 E. Berkshire Street,* 20 Pa. Commonwealth Ct. 601, 343 A.2d 67 (1975). Applying this rule to the instant appeal, we must limit appellees to a trespass action, a position long espoused by our Supreme Court.[3]

The decision of the court below is reversed, the order for appointment of viewers is vacated, and the petition for appointment of viewers is dismissed.

---

3. *See Ewalt v. Pennsylvania Turnpike Commission,* 382 Pa. 529, 115 A.2d 729 (1955); *Lizza v. Uniontown City,* 345 Pa. 363, 28 A.2d 916 (1942).