Condemnation by the Springettsbury Township Sewer Authority Etc. Steven C. Kehler et ux., Appellants.

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Donald L. Reihart*, with him *Lillian M. Morgan, Laucks & Monroe*, for appellants.

*Donald H. Yost, Blakey, Yost, Bupp & Kilgore*, for appellee, Springettsbury Township.

*Kenneth J. Sparler, Anstine & Anstine*, for appellee, Springettsbury Township Sewer Authority.

OPINION BY JUDGE ROGERS, March 16, 1982:

Stephen C. Kehler and Beth A. Kehler, his wife, have appealed from an order of the Court of Common Pleas of York County sustaining Springettsbury Township's demurrer to the appellants' petition for the appointment of viewers.[1] From depositions filed in the court below we learn that as the result of an obstruction by foreign matter in the sanitary sewer line serving the appellants' dwelling, sewage entered the

---

[1] The township was one of two public bodies named by the petitioners as condemnors, the other being the Springettsbury Township Sewer Authority.

basement of the dwelling. The results of this occurrence were that the appellants were unable to have their meals at home for a day or so and incurred cleanup expenses totalling $296.71. The court decided that the appellants had not suffered a de facto taking. This was clearly correct and we affirm.

It has long been and remains the law of Pennsylvania that an injury which is not the immediate, direct, necessary, and unavoidable consequence of the making of a public improvement by an entity having the power of eminent domain is not a de facto taking. Some of the many cases so holding are: *Appeal of Jacobs*, 55 Pa. Commonwealth Ct. 142, 423 A.2d 442 (1980); *Lehan v. Department of Transportation*, 22 Pa. Commonwealth Ct. 382, 349 A.2d 492 (1975); *Condemnation of 2719, 2721, and 2711 East Berkshire Street*, 20 Pa. Commonwealth Ct. 601, 343 A.2d 67 (1975); *Department of Transportation v. Castillo*, 14 Pa. Commonwealth Ct. 22, 321 A.2d 394 (1974); *Lizza v. City of Uniontown*, 345 Pa. 363, 28 A.2d 916 (1942); *Stork v. City of Philadelphia*, 195 Pa. 101, 45 A. 678 (1900). The incursion of sewage into the appellants' dwelling was not the necessary and unavoidable consequence of the presence of the township's sanitary sewer main in the street abutting the appellants' dwelling; rather, as the depositions taken below show, it was the result of the blockage in the main by foreign material. The appellants' remedy is by a delictual action for improper construction or maintenance of the public sewers.

Order affirmed.

### Order

And Now, this 16th day of March, 1982, the order of the Court of Common Pleas of York County made April 2, 1981 is affirmed.