Steven Friedman, d/b/a Fox Shirt Shops and Martin Friedman, Appellants *v.* City of Philadelphia, Appellee.

Argued December 12, 1985, before Judges MAC-PHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*T. J. Scully*, with him, *Andrew G. Gay, Gay & Chacker, P.C.*, for appellants.

*Eileen V. Dooley, Thompson & Pennell*, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 3, 1986:

This is an appeal by Steven Friedman, d/b/a Fox Shirt Shops, and Martin Friedman (Appellants) from an order of the Court of Common Pleas of Philadelphia County which sustained the preliminary objections of the City of Philadelphia (City) to their petition for appointment of viewers to assess condemnation damages. The common pleas court found that Appellants' petition failed to allege facts sufficient to state a de facto taking and dismissed their petition. We reverse.

In August, 1982, Appellants filed in the Court of Common Pleas of Philadelphia County a petition for the appointment of viewers to assess condemnation damages against the City. The petition alleged that the City's construction activities regarding the Center City Commuter Tunnel Project (Tunnel) had resulted in a de facto taking of Appellant's business. Appellants leased a corner store in the Essex Hotel (Essex) located at the northwest corner of Thirteenth and Filbert Streets in Center City Philadelphia and which abuts the route officially designated for construction of the Tunnel. The underlying assertion is that the City's contractor had excavated the entire bed of Filbert Street; had erected scaffolding, fences, barricades, walkways, removed pavement and dug trenches

and had otherwise impeded pedestrian rights-of-way and the roadways about the northwest corner of Thirteenth and Filbert Streets; had engaged in activities hazardous to pedestrians; and had otherwise obstructed access to the doors and windows of Appellants' business premises. Appellants further allege that the loss of access to the doors and windows of their premises rendered it useless as a commercial property and as a result of the abovementioned activities, they were forced to terminate their business as of January 1, 1981.

Appellants' petition was filed pursuant to Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), and was based upon the theory that the City's Tunnel activities deprived them of the beneficial use of their lease at the Essex thereby destroying their business and inflicted a compensable injury, without a formal declaration of taking having been filed. On September 15, 1983, the common pleas court granted the City's preliminary objections to the petition finding as a matter of law that the allegations contained in the petition do not state a cause of action under the Eminent Domain Code. Appeal to this Court followed.

The sole issue presented for our disposition is whether the averments of Appellants' petition are sufficient to state a cause of action under the Eminent Domain Code. When confronted with a petition for appointment of viewers to which preliminary objections have been filed, a court must first decide whether as a matter of law the averments of the petition, taken as true, are sufficient to state a cause of action for a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed. If the averments, taken as true, might establish a de facto taking, the common pleas court must take evidence so that a judicial determination might be

made. *Petition of Ramsey*, 20 Pa. Commonwealth Ct. 207, 342 A.2d 124 (1975).

The common pleas court found that since the Appellants failed to allege a *permanent* interference with access to their business at the Essex, there can be no de facto taking as a matter of law. *See Truck Terminal Realty v. Department of Transportation*, 486 Pa. 16, 403 A.2d 986 (1979). While we agree that a temporary inconvenience and loss of business due to construction activities and the resultant rerouting of traffic do not normally constitute a de facto taking, *Borough of West Fairview v. Finkelstein*, 23 Pa. Commonwealth Ct. 628, 354 A.2d 14 (1976), here Appellants have alleged that their business failed on January 1, 1981 as a direct result of the City's construction activities and the attendant obstacles and impediments to pedestrian and vehicular traffic to and from their business premises. Therefore, while the construction activities with its rerouting of traffic and obstacles to pedestrian and vehicular traffic may have been temporary in nature as far as the City was concerned, as of January 1, 1981 those obstacles became permanent insofar as to the Appellants' business. The fact that pedestrian and vehicular access were restored and Filbert Street was later reopened upon completion of Tunnel construction was of no consequence to Appellants in that their business no longer existed. Once that business was destroyed, their commercial lease at the Essex became worthless. On these factual allegations, we feel that Appellants have adequately stated a cause of action for a de facto taking sufficient to warrant an evidentiary hearing and a judicial determination on the merits.

In so finding, we express no opinion as to the actual merit or lack of merit in Appellants' claims. We do note in passing that similar claims presented by the owners of the Essex were ultimately unsuccess-

ful after discovery and an extended evidentiary hearing in common pleas court. *See Petition of 1301 Filbert Ltd. Partnership for Appointment of Viewers*, 64 Pa. Commonwealth Ct. 605, 441 A.2d 1345 (1982).

In view of the foregoing, we shall reverse the order of the common pleas court which dismissed Appellants' petition and remand this matter back to the common pleas court for discovery and an evidentiary hearing on the merits.

ORDER

Now, February 3, 1986, the Order of the Court of Common Pleas of Philadelphia County at Docket No. 816, August Term 1982, dated September 15, 1983, is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.

Jurisdiction relinquished.