512 A.2d 815

Quaker City Gun Club, Appellant *v.* City of Philadelphia, Appellee.

Argued June 12, 1986, before Judge MACPHAIL, and Senior Judges ROGERS and BARBIERI, sitting as a panel of three.

*Roland J. Christy,* for appellant.

*Joy J. Bernstein,* Assistant City Solicitor, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, July 28, 1986:

This is an eminent domain case wherein the Appellant, Quaker City Gun Club (Club), appeals here an order of the Court of Common Pleas of Philadelphia County. That order sustained preliminary objections in the nature of a demurrer filed by the City of Philadelphia (City) and dismissed the Club's Petition for Appointment of a Board of View.

The following well-pleaded facts are pertinent and deemed admitted for the purpose of reviewing the common pleas court's disposal of the City's preliminary objections. *See Regelski v. F. W. Woolworth Co.,* 423 Pa. 524, 225 A.2d 561 (1967). From 1921 through 1984 the Club leased real property located at the rear of 8301 State Road in Philadelphia from the City. With the City's permission, the Club erected upon this property a clubhouse and six concrete trap houses, which the Club has averred did not become affixed to the real estate and remained the property of the Club. Sometime between February 1, 1984 and July 31, 1984, the clubhouse and trap houses were demolished by the City, without the Club's consent, as part of the City's expansion of the Philadelphia Detention Center.

On December 28, 1984, the Club filed a Petition for Appointment of a Board of View under Section 502(e) of the Eminent Domain Code (Code), Act of June 22,

1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e), in which the Club contended that the City's action constituted a de facto taking of its property for which it is entitled to just compensation. The City filed preliminary objections to the petition and the common pleas court sustained the preliminary objections and dismissed the petition, without holding an evidentiary hearing, on the basis that the Club's petition stated a claim in trespass, not eminent domain. The Club has appealed the dismissal of its petition to this Court.

The sole issue raised by the Club on appeal is whether the common pleas court erred when it dismissed its petition without holding an evidentiary hearing. The City contends that the Club's appeal is frivolous and seeks an award of costs and reasonable counsel fees under Section 2503 of the Judicial Code, 42 Pa. C. S. §2503, and Pa. R.A.P. 2744. We shall address first the Club's contention that the common pleas court erred in dismissing its petition without an evidentiary hearing.

When confronted with a petition for appointment of viewers to which preliminary objections have been filed, a court must first decide whether as a matter of law the averments of the petition, taken as true, are sufficient to state a cause of action under the Code for a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed. If the averments, taken as true, might establish a de facto taking, the common pleas court must take evidence so that a judicial determination might be made. *Friedman v. City of Philadelphia,* 94 Pa. Commonwealth Ct. 572, 574, 503 A.2d 1110, 1111 (1986).

The common pleas court found that the Club had failed to allege that the claimed injury was the immediate, direct, necessary and unavoidable consequence of the City's alleged conduct. The averments of the Club's

petition, taken as true, the common pleas court concluded, set forth a claim in tort, but are insufficient to maintain an action in eminent domain or a de facto taking. The City cites our opinion in *Kehler Appeal,* 65 Pa. Commonwealth Ct. 336, 442 A.2d 409 (1982), and *Scafetta v. City of Chester,* 49 Pa. D. & C. 2d 339 (C.P. Chester 1970), to support the common pleas court's determination that the Club's petition makes out an action in trespass, not eminent domain. We respectfully disagree with the common pleas court and the City and find that the averments in Club's petition make out a possible action for a de facto taking under the Code sufficient to warrant an evidentiary hearing.

A de facto taking occurs when the effect of the governmental action complained of is tantamount to the destruction, injury or damage to private property for which just compensation must be paid, even though no formal condemnation proceedings have been instituted. *Griggs v. Allegheny County,* 369 U.S. 84 (1962); *Commonwealth Crosstown Expressway Appeal,* 3 Pa. Commonwealth Ct. 1, 281 A.2d 909 (1971). The Club here has alleged that the City, an entity clothed with the power of eminent domain, had demolished its clubhouse and trap houses as part of its expansion of the Philadelphia Detention Center. These averments, therefore, allege that the City took the clubhouse and trap houses as part of its expansion of the Detention Center. The expansion of the Detention Center is clearly a public purpose. By demolishing the clubhouse and trap houses, the City clearly deprived the Club, the owner of that property, of the beneficial use and enjoyment of that property, thus constituting a compensable taking. *See Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 321 A.2d 598 (1974).

While we agree with the City that the Club could have filed an action in trespass in order to recover dam-

ages for its demolished clubhouse and trap houses, that is not the Club's sole remedy. Where a property owner's property is taken by an entity clothed with the power of eminent domain without a prior declaration of taking, our Supreme Court has indicated that the property owner has the option of seeking damages in an action in trespass or compensation for the actual taking under the Code. *See Pittsburgh National Bank v. Equitable Gas Co.,* 421 Pa. 468, 220 A.2d 12, *cert. denied,* 385 U.S. 988 (1966); *Garland Chain Co. v. Rankin Borough,* 226 Pa. 389, 75 A. 607 (1910); *see also Deets v. Mountaintop Area Joint Sanitary Authority,* 84 Pa. Commonwealth Ct. 300, 479 A.2d 49 (1984). In such a case, the property owner has the option of suing in either eminent domain or in trespass and if the property owner seeks an appointment of viewers to assess compensation for the taking, the property owner is deemed to have waived the trespass. *Pittsburgh National Bank,* 421 Pa. at 470, 220 A.2d at 14; *Garland Chain Co.,* 226 Pa. at 390, 75 A. at 607; *Deets,* 84 Pa. Commonwealth Ct. at 303, 479 A.2d at 51. Here, the Club has waived its right to sue for damages in trespass by seeking an appointment of viewers under the Code. The cases cited by the City as giving the property owner only a remedy in trespass are easily distinguished from the case at bar in that the government action complained of in *Kehler* was negligence and in *Scafetta* was the exercise of the municipality's police power, neither of which were in connection with the exercise of their power of eminent domain. In *Kehler,* this Court held that a blockage of the municipality's sewer main by foreign matter which caused sewage to enter the basement of the property owner's home did not constitute a governmental action connected with the exercise of the power of eminent domain. In *Scafetta,* the City of Chester had demolished the properties in question as nuisances,

which was an exercise of its police power under Section 2403(16) of the Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §37403(16), and not an exercise of its power of eminent domain. We also duly note that the common pleas court took evidence in *Kehler* prior to sustaining the municipality's preliminary objections.

Accordingly, we conclude that the common pleas court erred in dismissing the Club's petition without an evidentiary hearing and remand this matter for such an evidentiary hearing prior to ruling on the City's preliminary objections. In that we have determined that the common pleas court erred in dismissing the Club's petition without an evidentiary hearing, we conclude that the appeal was not frivolous and that the City is not entitled to an award of counsel fees and costs under 42 Pa. C. S. §2503 or Pa. R.A.P. 2744.

ORDER

Now, July 28, 1986, the Order of the Court of Common Pleas of Philadelphia County at Docket No. 4676, December Term 1984, dated April 12, 1985, is vacated and the matter is remanded to said court for further proceedings consistent with this opinion.

Jurisdiction relinquished.