PRATT, J.,
Defendant Pennsylvania Turnpike Commission raises a number of pretrial preliminary objections to plaintiff’s complaint.
Defendants Anthony A. Ryan and Beverly C. Ryan leased certain land along the Mahoning River in Union Township, Lawrence County, Pennsylvania, owned by the Pittsburgh and Lake Erie Railroad Company. Allegedly plaintiff, Byron Collier, in June 1989 orally agreed with the Ryans that the plaintiff would remove, at $1 per ton, all of the slag contained on the property in question. Plaintiff removed and paid for 5,815 tons of the estimated two million tons of slag reported to be on the property before he was prevented.from removing any more of the slag by defendant Anthony Ryan. Part of the subject land was located directly in the path of a right of way being acquired by the PTC by condemnation proceedings pending at no. 63 of 1990, M.D., Lawrence County, pursuant to its eminent domain authority, for the purpose of constructing a bridge.
Plaintiff’s complaint seeks, in count one, recovery of money damages from the Ryans for breach of the alleged oral contract. Count two seeks recovery of money damages for alleged fraudulent misrepresentation by the Ryans to the PTC. Specifically, plaintiff alleges that the Ryans represented to the PTC that they, the Ryans, were the sole operators of the slag-mining activities on the subject property. Count two further seeks recovery of money damages from the PTC, based on the theory of negli *202 gence and fraud, for its alleged failure to conduct a proper investigation to reveal all ownership interests prior to commencement of the eminent domain proceedings.
The PTC has demurred to plaintiff’s complaint based on the defense of sovereign immunity under 42 Pa.C.S. §§8521 to 8528, and exclusive jurisdiction under the Eminent Domain Code, 26 P.S. §§1-101 to 1-903. The other preliminary objections by the PTC are in the nature of petition asserting non-joinder of an indispensable party, petition asserting misjoinder of cause of action, petition raising the question of subject-matter jurisdiction, motion for more specific pleadings, motion to strike for non-conformity to law and petition raising pendency of prior actions. These preliminary objections will not be addressed, as the court, for the reasons which follow, will grant the demurrer and dismiss the plaintiff’s complaint against the PTC based on sovereign immunity and exclusive jurisdiction.
DISCUSSION
The PTC argues that, since this case does not fall within any exceptions, plaintiff’s cause of action against it as a Commonwealth entity is completely barred by sovereign immunity. Plaintiff counters by contending that the case of Bissett v. Pennsylvania Game Commission, 27 D.&C. 3d 578 (1983) expands the scope of the exceptions enumerated in 42 Pa.C.S. §8522(b) to allow the plaintiff’s cause of action against the PTC. Plaintiff also asserts that, notwithstanding Bissett, supra, the exception found at 42 Pa.C.S. §8522(b)(4) is applicable to this case. We disagree with plaintiff’s claims.
*203 We have examined the holding in Bissett v. Pennsylvania Game Commission, supra, and find it to be of no assistance to plaintiff. The issue in Bissett was whether there existed a “dangerous condition of Commonwealth real estate” as required by 42 Pa.C.S. §8522(b)(4). Bissett at 582. The Bissett court found that a dangerous condition existed for purposes of 42 Pa.C.S. §8522(b)(4) and, accordingly, denied defendant Pennsylvania Game Commission’s motion for summary judgment on the grounds of sovereign immunity. The question in Bissett, which is relevant to the instant case, was not whether defendant Game Commission’s property was Commonwealth-owned real estate. Thus, the Bissett case is very much distinguishable from the case presently before this court.
The exception contained in 42 Pa.C.S. §8522(b)(4) waives the sovereign immunity defense for claims in negligence for damages caused by:
“(4) Commonwealth real estate, highways and sidewalks — A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).” 42 Pa.C.S. §8522(b)(4).
This exception is applicable only to real property owned or leased by the Commonwealth. Thus, the threshold inquiry in determining whether the exception applies is whether the Commonwealth owned or leased the real property in question. Snyder v. Harmon, 522 Pa. 424, 562 A.2d 307 (1989); Davidow v. Anderson, 83 Pa. Commw. 86, 476 A.2d 998 *204 (1984). Plaintiff in this case contends that the right of way attempted to be taken by the PTC by condemnation proceedings was actually Commonwealth-owned real property at the time of the alleged negligence by the PTC, because the PTC “had an interest” in the subject property by virtue of its intent to acquire the right of way. Plaintiff cites no law, at common law or by statute, in support of his proposition either in his brief or during oral argument. Additionally, we find no authority for the contention, and the record is devoid of any basis for this position. Plaintiff has, therefore, failed to establish that the PTC, a Commonwealth party or entity, had the required interest in the subject property at the time of the alleged negligence.
Plaintiff has also failed to establish, as required by 42 Pa.C.S. §8522(b)(4), that the damages for which he seeks recovery arise from a dangerous condition on the subject property. Again, the record contains no allegations or evidence of a dangerous condition.
Plaintiff fails to show that his cause of action comes within an exception to the sovereign immunity provision under 42 Pa.C.S. §8522; we must, therefore, sustain the PTC’s preliminary objections in the nature of a demurrer on the grounds that sovereign immunity bars plaintiff’s action against the PTC.
The PTC also argues that the Eminent Domain Code and the condemnation cause of action currently pending at no. 63 of 1990, M.D., supersedes and controls any claim plaintiff may have against the PTC. The PTC contends that the Eminent Domain Code provides exclusive jurisdiction of this matter as well as plaintiff’s sole remedy against the PTC. In support of its proposition, the PTC cites In re Condemnation by the Commonwealth of Pennsylva *205 nia, Department of Transportation, 83 Pa. Commw. 184, 476 A.2d 579 (1984), app. after remand, 96 Pa. Commw. 68, 506 A.2d 1990 (1986). We agree.
Where property is damaged or taken for public purposes, the Eminent Domain Code is intended to provide a complete and exclusive procedure for relief of an aggrieved party. 26 P.S. §303; Dames v. Pottstown, 43 D.&C. 2d 315 (1967). The obvious legislative intent in enacting the Eminent Domain Code was to provide the exclusive procedure by which all eminent domain matters are governed. In re Condemnation by Commonwealth of Pennsylvania, Department of Transportation, supra.
This is the general rule to which two exceptions have been judicially recognized. The first exception applies where there has been a taking of a landowner’s property absent any prior declaration of taking pursuant to the Eminent Domain Code. Section 502(e) of the Eminent Domain Code provides that a landowner who suffers a compensable injury as a result of a condemnation without any prior declaration of taking may file a petition for the appointment of viewers. 26 P.S. §l-502(e). The courts have recognized the first exception for the landowner who seeks to challenge the validity of the taking but does not wish to proceed under this provision of the Eminent Domain Code. In this situation, the landowner may challenge the validity of the taking by invoking the court’s equitable powers in order to force the condemning authority to proceed with proper condemnation proceedings. St. Catherine Church v. Mountaintop Joint Sewer Authority, 58 Pa. Commw. 187, 427 A.2d 726 (1987); Ramad Realty Corp. v. Springettsbury Township Sewer Authority, 10 Pa. Commw. 1, 309 A.2d 80 (1973).
*206 The second exception also applies where the condemning authority makes no prior declaration of taking. The landowner may elect to proceed under section 502(e) of the Eminent Domain Code or he may seek recovery of damages for a wrongful or unauthorized entry on the property in an action in trespass against the condemnor. Quaker City Gun Club v. City of Philadelphia, 99 Pa. Commw. 259, 572 A.2d 815 (1986); Deets v. Mountaintop Area J.S.A., 84 Pa. Commw. 300, 479 A.2d 49 (1984). If the landowner chooses to proceed under section 502(e) of the Eminent Domain Code, then he is deemed to have waived any action in trespass. Quaker City Gun Club v. City of Philadelphia, supra; Deets v. Mountaintop Area J.S.A., supra.
In the case sub judice, there has been a declaration of taking filed by the PTC and docketed at no. 63 of 1990, M.D. of this court. Therefore, neither of the two exceptions apply and the Eminent Domain Code provides exclusive jurisdiction as well as plaintiff’s sole remedy in this case. We note that plaintiff has filed a petition to intervene, opposed by the Ryans, in the petition for the appointment of viewers docketed at no. 63 of 1990, M.D. If plaintiff’s petition to intervene is denied, then the PTC has effected a taking without a prior declaration of taking as to plaintiff. In such a case, plaintiff may have a cause of action, not sounding in negligence, in trespass against the PTC for unauthorized entry. Quaker City Gun Club v. City of Philadelphia, supra; Deets v. Mountaintop Area J.S.A., supra.
For the foregoing reasons, defendant’s preliminary objections in the nature of a demurrer will be sustained on the grounds of sovereign immunity and exclusive jurisdiction of the Eminent Domain Code, and an appropriate order will be entered.
*207 Now, October 22, 1990, for the reasons contained in the accompanying opinion, the preliminary objections in the nature of a demurrer by defendant Pennsylvania Turnpike Commission are sustained, and plaintiff’s complaint against said defendant is dismissed. All remaining preliminary objections by defendant Pennsylvania Turnpike Commission are declared moot.