**Harrington v. PennDOT**

C.P. of Chester County, no. 99-05390.

*Kenneth R. Werner,* for petitioner.
*Wm. Christopher Duerr,* for PennDOT.

SANCHEZ, *J.,* March 24, 2000—Petitioner, Elizabeth Harrington, filed a petition for appointment of a board of viewers on June 25, 1999 and by order of the court of common pleas, Chester County, a board was appointed. The Commonwealth filed preliminary objections to the petition. Upon review, this court determined that the averments of the petition taken as true may establish a de facto taking and, accordingly, held an evidentiary hearing on the matter on February 28, 2000 so that a judicial

determination could be made. *Friedman v. City of Philadelphia,* 94 Pa. Commw. 572, 503 A.2d 1110 (1986).

## STATEMENT OF FACTS

Petitioner, Elizabeth Harrington, is the owner of property located at 894 Horseshoe Pike, U.S. Route 322, East Brandywine Township, Chester County, Pennsylvania, tax parcel no. 30-5-221.1, which she purchased on June 10, 1960. U.S. Route 322 is maintained by the Commonwealth of Pennsylvania's Department of Transportation. PennDOT has, over a period of time, executed contracts with various contractors for the repair, maintenance, construction and widening of Route 322 within East Brandywine Township, abutting and extending from the west property line to the east property line of petitioner's property.

As a result of these contracts, the Commonwealth has substantially altered the profile of U.S. Route 322 which, in turn, has substantially impacted petitioner's property to her detriment and loss. Petitioner contends that as a result of the necessary repair, maintenance, construction, widening and excavation for the repair, regrading and widening of Route 322, and as a necessary and unavoidable consequence of the work, petitioner's property has been so damaged that she has been substantially deprived of the use and enjoyment of the land. She has suffered flooding within her home from rain and water runoff, damage from snowplows, damage from automobiles running into her home, damages resulting from the change of grade of the highway, and permanent interference with any reasonable and safe access to her property.

## DISCUSSION

Petitioner contends that the aforementioned damages are the immediate, necessary and unavoidable consequence of PennDOT's continuous actions as described above. The issue before this court is whether the petitioner has established the Commonwealth's actions tantamount to a de facto condemnation of her property.

A de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his or her property. *In re Property Situate Along Pine Road in Earl Township,* 743 A.2d 990 (Pa. Commw. 1999). It is petitioner's burden to show exceptional circumstances which deprive her of the use and enjoyment of her property. She must also show that these circumstances are the direct and necessary consequence of the Commonwealth's actions. *Lehigh-Northampton Airport Authority v. WBF Associates,* 728 A.2d 981 (Pa. Commw. 1999). There is no bright line rule of law used to determine whether there has been a de facto taking. Instead, each decision must be made on a case by case basis. *Id.* For this reason, the facts and circumstances of this particular case are crucial to our analysis and conclusion.

The evidence shows that the repair, regrading and widening of the highway has caused such severe damage that petitioner has been forced to leave her home on certain occasions. Despite her persistent complaints, she continues to incur damage from snowplows. Petitioner has been forced on several occasions to take protective actions, such as boarding the doors and windows of the premises. She has suffered broken doors, windows, damage to her car and to the exterior of her home.

Further, PennDOT raised the aforementioned highway 4.5 inches which caused a 12 1/2-13 percent vertical slope to petitioner's property. This raise in the highway causes continuous flooding. PennDOT also paved the gravel shoulder of the highway which had, at one time, absorbed some of the water running down the aforementioned slope. As a result, petitioner, who is an elderly and slight woman, has been forced to carry 30-40 pound sandbags to the edge of her property in order to deter some of the flooding. Furthermore, automobiles have run into her home due to the change in the profile of Route 322. These actions have interfered with a reasonable and safe access to petitioner's property.

The interruptions, interference and deprivation that petitioner has alleged are substantial and continuously impede upon the use and enjoyment of her property. This interference is permanent in nature. This deprivation of property has resulted in a substantial decrease to the value of the property. This is a persistent and relentless nightmare for petitioner and is a direct result of PennDOT's actions. Accordingly, we find there has been a de facto taking and petitioner should be adequately compensated for the deprivation of the use and enjoyment of her property.

## ORDER

And now, March 24, 2000, it is hereby ordered and decreed that the Commonwealth of Pennsylvania's preliminary objections are dismissed and Elizabeth Harrington's petition for the appointment of a board of viewers is granted consistent with the order signed by this court on June 25, 1999.