## Sterling's Appeal.

1. A company incorporated under the Act of 1874, and its supplements, "for the purpose of supplying natural gas to the public for lighting, heating, manufacturing, and other purposes," has no authority to lay its pipes under a public road traversing the lands of another.

2. By appropriating land for a public highway, the only servitude imposed on it is the right of the public to construct and maintain thereon a roadway which shall, at all times, be free and open for the public as a highway. Laying and maintaining a pipe line under the road imposes an additional servitude on the land and abridges the right of the owner, and hence it is a taking within the meaning of Art. 6, § 8, of the Constitution, requiring just compensation to be made for property taken, injured, or destroyed.

3. A court of equity will restrain, by injunction, the laying of a pipe line without making or securing compensation, as an injury of such a continuing and permanent nature, for which an action at law would not be a complete and adequate remedy.

October 22d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Washington county*: In Equity. Of October and November Term, 1885, No. 179.

This was an appeal by Hugh Sterling from a decree of said court sustaining a demurrer to his bill, and dismissing his bill.

The bill, as originally filed, was by Hugh Sterling and Sarah J. Sterling, his wife, against the Chartiers Valley Gas

Company, of Allegheny County, Pa., and Patch and Robbins. By amendments made and allowed after the bill was filed, the name of Sarah J. Sterling was stricken out and the Cecil Township Natural Gas Company was substituted for the Chartiers Valley Gas Company. The Cecil Township Natural Gas Company was incorporated the 19th day of May, 1884, under the Act of 29th April, 1874, and its supplements.

The plaintiff's bill alleges that he is the owner, in fee, of about one hundred and ninety acres of land in Cecil township, said county.

That the defendants propose to lay a pipe under the public roads through the lands of the plaintiff for the purpose of conducting natural gas from the gas well on the farm of John Miller, Esq., near Hickory, Washington County, to or near Pittsburgh, in Allegheny County, and have staked and surveyed a route through plaintiff's land, and laid the pipe to within a short distance of his line. That notices had been served on the agents and employees not to enter plaintiff's land without first making compensation. That defendants, without tendering compensation, were about to enter upon the road within plaintiff's land. That the proposed line of pipe will run along the public road beside and within four feet of a board fence, and pass between the house and barn on his land, and within about fifty feet from each, and if completed will do the plaintiff great and irreparable injury, and will deprive him of his constitutional right of property without compensation or security tendered.

The prayers for relief are as follows:

1st. That the court, presently, by a preliminary injunction, and hereinafter by a permanent injunction, restrain the defendants, their agents and employees, from entering upon the premises above described and laying thereupon, or thereunder, a pipe line for the purpose of conducting natural gas.

2d. Or, if it should be ascertained that the defendant company have a right under their charter, or otherwise, to do business in Washington County, then presently by preliminary, and hereafter by permanent injunction, to restrain the defendants, their agents and employees, from entering upon the premises described, and laying thereupon, or thereunder, a pipe line, for the purpose of conducting natural gas, without making compensation to the plaintiff, or tendering adequate security therefor.

3d. General relief.

The amended bill substitutes the " Cecil Township Natural Gas Company " for the " Chartiers Valley Gas Company," and presents a copy of the charter of the corporation substituted.

The purpose of said corporation is stated as follows: "Said

corporation is formed for the purpose of supplying natural gas to the public for lighting, heating, manufacturing, or other purposes, and supplying the same to Cecil township, Washington County, Pa., and such persons, partnerships and corporations residing therein or adjacent thereto as may desire the same. The business of said corporation is to be transacted in Cecil township, Washington County, Pa., and its principal office to be in the borough of Washington, Pa."

To this the defendant filed the following demurrer:

And now        , March, 1885, comes the Cecil Township Natural Gas Company, defendant, and demurs to the plaintiff's bill (as amended) assigning the following reasons for such demurrer:

1. The facts set out in said bill do not warrant the charge therein that the work contemplated by the defendants, if completed, will do the plaintiff great and irreparable injury.

2. The facts set out in said bill are insufficient to entitle the plaintiff either to the specific relief prayed for by him, or to entitle him to any equitable relief.

The court, HART, J., filed the following decree:

" And now, August 18th, 1885, this cause came on to be heard on demurrer to the bill as amended, and was argued by counsel, and thereupon the said demurrer, upon due consideration, is sustained, and the said bill is dismissed, and it is ordered that the costs of this proceeding be paid by the plaintiff."

The plaintiff took this appeal, assigning for error the action of the court in filing said decree.

*M. C. Acheson* (with whom was *A. W. Acheson*), for appellant.—1. The governor had no power to grant a charter to the defendant " for the purpose of supplying natural gas to the public for lighting, heating, manufacturing, or other purposes: Penn. Fuel Co. *v.* Commonwealth, 15 W. N. C. 425. We have the right to inquire whether the governor has power to grant this charter, as we would have to inquire into his right to appoint an officer to an office that did not exist: Commonwealth *v.* Harding, 6 Norris, 353. The authority " to examine, inquire and ascertain whether such corporation does, in fact, possess the right or franchise to do the act from which such alleged injury to private right . . . results " is conferred upon courts of equity by the Act of June 19th, 1871 (Purdon, p. 357, pl. 108), and under it this court has a right to determine whether or not the defendant had a charter authorizing it to enter upon the plaintiff's land.

2. Conceding that the defendant has a good charter, it does

not authorize the taking of private property without compensation : Bloomfield Gas Light Co. *v.* Calkins, 62 N. Y. 386.

3. The public have only the right of way over public roads. The right of soil continues in the owner : Chambers *v.* Furry, 1 Yeates, 167 ; Lewis *v.* Jones, 1 Barr, 336 ; Mifflin *v.* R. R. Co., 4 Harris 182 ; Lance's Appeal, 5 Smith 16.

If the legislature intended, by the Act of 1874, to grant a license to gas and water companies to use public roads without compensation, as is contended by defendant, then the act is unconstitutional for the reason that it deprives the owner of the soil of his right of property without compensation.

*Dougan*, of *Dougan & Todd*, for appellee.—The appellant cannot assert that the appellee was not lawfully incorporated : Cochran *v.* Arnold, 8 P. F. S. 404.

The legislature may abridge or enlarge the use of a highway in its exercise of sovereignty without the consent of the subject, or making compensation to him for annoyances that may come to him by reason thereof : Philadelphia and Trenton R. R. Co., 6 Wharton, 25 ; Commonwealth *v.* Erie & N. E. R. R. Co., 3 Cas. 354 ; Southwark R. R. Co. *v.* City of Philadelphia, 11 Wr. 321 ; Faust et al. *v.* The Passenger Railway Co., 3 Phila. 164 ; Cleveland & Pittsburgh R. R. Co. *v.* Speer, 6 P. F. S. 333–34. In view of these authorities it is idle to say that Sterling's constitutional rights have been invaded, where a lawfully created corporation, in the exercise of its franchise, has occupied with its pipes a portion of the soil of a public highway traversing his lands.

Section 8, article 16, of the constitution of 1874, provides that corporations invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured, or destroyed. The property of the appellant has not been taken—the legislature has simply enlarged the public use of it. It is not claimed that his property has been destroyed. But he avers that the proposed pipe line, if completed, will do him great and irreparable injury. It cannot be safely urged that the mere deposition of the pipes will do harm. How, then, will he be injured ? The bill is wholly silent as to this ; and the demurrer being to the sufficiency of the facts alleged to be the foundation for equitable relief, the court could not do otherwise than sustain it, because "no decree should be made to be followed by injunction, unless irreparable injury be clearly established :" Clark's Appeal, 12 P. F. S. 447 ; Minnig's Appeal, 1 Nor. 373.

Mr. Justice Sterrett delivered the opinion of the court, January 4th, 1886.

After averring in his bill that he is the owner in fee of certain lands therein described, appellant charges, in substance, that in disregard of notice not to enter said lands without first making or securing compensation, the company appellee is about to lay a pipe line, for the transportation of natural gas under a public road traversing said lands; that said pipe line " will run along the public road within four feet of a board fence, pass between the house and barn . . . . . within fifty feet of each, and if completed will do appellant great and irreparable injury," etc.   The specific relief prayed for is that appellee be restrained from entering on the premises and laying thereunder a pipe for the. purpose of conducting natural gas; or, if the company, under its charter or otherwise, has a right to do so, that it be restained until adequate compensation be paid or secured.

The body of the bill was amended so as to set forth that appellee was incorporated as " The Cecil Township Natural Gas Company," and its charter recorded April, 1884, in the office for recording deeds in and for Washington County.   It appears from the charter, a copy of which is made part of the bill, that "said corporation is formed for the purpose of supplying natural gas to the public for lighting, heating, manufacturing, and other purposes, and supplying the same to said Cecil Township . . . . . and such persons, partnerships, and corporations residing therein or adjacent thereto as may desire the same."   The charter discloses no other purpose.

Appellee demurred to the bill as amended, and assigned the following causes therefor: " 1st. The facts set out in the bill do not warrant the charge therein that the work contemplated by defendants, if completed, will do plaintiff great and irreparable injury.   2d. The facts set out in said bill are insufficient to entitle the plaintiff either to the specific relief prayed for or to entitle him to any equitable relief."   The demurrer was sustained and decree entered   dismissing the bill at appellant's costs.

By demurring appellee admitted the truth of all matters well pleaded in the bill.   It thus admitted doing the acts complained of for the purpose and with the effect charged in the bill; and, for so doing, the charter referred to is the only warrant that is exhibited.

·The questions thus raised by the pleadings are whether, under its charter, or otherwise, the appellee is authorized to do the acts specified; and if so, whether it can proceed without first paying or securing just compensation to appellant as owner of the land through which its pipe line is to pass.   It is not claimed that appellee has any such authority outside its charter, and on the authority of Penn Fuel Company v. Common-

wealth, (15 W. N. C. 425), we think it has none under its charter. While we did not undertake to pass upon the validity of the charter involved in that case, we held that it gave the company no authority to supply natural gas for either of the several purposes mentioned therein. An inquiry, as to whether certain powers are or are not granted by a charter, is not open to the objection that the validity of a charter cannot be assailed in a collateral proceeding. Such inquiries are expressly authorized by the Act of June 19th, 1871, (Purd. 288, pl. 39), which provides that "In all proceedings in courts of law or equity of this commonwealth, in which it is alleged that the private rights of individuals, or the rights or franchises of other corporations are injured or invaded by any corporation claiming to have a right or franchise to do the act from which such injury results, it shall be the duty of the court in which such proceedings are had, to examine, inquire, and ascertain whether such corporation does in fact possess the right or franchise to do the act from which such alleged injury to private rights, or to the rights and franchises of other corporations results; and if such rights or franchises have not been conferred upon such corporation, such courts, if exercising equitable power, shall, by injunction at the suit of the private parties or other corporations, restrain such injurious acts. And if the proceedings be at law, for damages, it shall be lawful therein to recover damages for such injury as in other cases."

Tested by the principles recognized in Penn Fuel Company *v.* Commonwealth, *supra*, we are satisfied the appellee has no more authority to do the acts complained of than any unincorporated association of individuals would have. It therefore follows that appellee is at best a trespasser on the public highway.

But conceding for the sake of argument, that the company has power under its charter to do the acts complained of in the bill and admitted by the demurrer, has it a right to proceed without first making or securing compensation to appellant? We think not. As owner of the land traversed by the public road, he has a right to use it and the land on which it is located for any purpose that will not impede or interfere with the public travel. By appropriating land for the specific purpose of a common highway, the public acquires a mere right of passage with the powers and privileges incident to such right. The fee still remains in the land owner notwithstanding the public have acquired a right to the free and uninterrupted use of the road for the purpose of passing and re-passing; and he may use the land for his own purposes in any way that is not inconsistent with the public easement. He may, for

example, construct underneath the surface passage ways for water and other purposes, or appropriate the subjacent soil and minerals if any, to any use he pleases, provided he does not interfere with the rights of the public. In other words, the only servitude imposed on the land is the right of the public to construct and maintain thereon a safe and convenient roadway, which shall at all times be free and open for public use as a highway. It is in view of this servitude that damages may be awarded to the landowner. Laying and maintaining a pipe line, at the ordinary depth under the surface, necessarily imposes an additional burden on the land, not contemplated either by the owner or by the public authorities, when the land was appropriated for the purpose of a public road. It is a burden, moreover, which to some extent, at least, abridges the rights of the landowner in the soil traversed by the road, and hence it is a taking within the meaning of the constitutional provision requiring just compensation to be made for property taken, injured, or destroyed. (Const. Art. XVI., sect. 8.) In some cases it is possible the injury may be consequential as well as direct. The constitutional provision embraces both.

In Blooomfield and Rochester Natural Gaslight Co. v. Calkins (62 N. Y. 386), it was held that a corporation organized under an Act, similar to ours, authorizing the formation of gaslight companies, has no authority to lay its pipes in a country highway without the consent of or without the appraisal and payment of compensation to the owner of the land. There is no reason why this should not be the rule with respect to public roads in the rural districts. As to streets and alleys in cities and boroughs, there are reasons why a different rule to some extent should prevail; but that question is not now before us.

There is nothing in the suggestion that appellant has a full, complete, and adequate remedy at law. The injury complained of is one of a continuing and permanent nature, for which an action at law would not afford a complete and adequate remedy : (Commonwealth v. Pittsburgh & Connellsville Railroad Co., 12 Harris 159.) The appellee is or claims to be a corporation, and they are peculiarly the subjects of equitable jurisdiction and control, especially when they attempt to exceed their corporate powers. Under the Act of June 19th, 1871, above quoted, a Court of Equity has jurisdiction to inquire whether a corporation possesses the franchises it claims, and if not, injunction is the appropriate remedy for the wrong : (Edgewood Railroad Company's Appeal, 29 P. F. S. 257.)

For these, and other reasons that might be added, we think

the learned Judge erred in sustaining the demurrer and dismissing the bill.

> Decree reversed at costs of appellee, and record remitted with instructions to proceed according to equity practice.