The Mountaintop Area Joint Sanitary Authority, Appellant v. St. Jude Church, Appellee.

Argued December 13, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Chester F. Dudick, Jr.*, with him *Joseph P. Mellody, Jr., Hourigan, Kluger & Spohrer Associates*, for appellant.

*John L. McDonald*, for appellee.

OPINION BY JUDGE MACPHAIL, March 30, 1983:

St. Jude Church (Church) filed a complaint in trespass, ejectment and "under Sec. 306 of the Municipal Authorities Act of 1945".[1] The Mountaintop Area Joint Sanitary Authority (Authority) filed preliminary objections to the counts in trespass and ejectment which were sustained by the Court of Common Pleas of Luzerne County in an order dismissing the complaint as to those causes of action. The trial court's opinion stated that the damages sought by the church must be resolved by a board of view appointed pursuant to Section 502 of the Eminent Domain Code (Code).[2]

---

[1] The Church's reference to Section 306 was in error. The correct citation is Section 4 of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §306.

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502.

That order of the trial court was affirmed by our Court in a consolidated appeal, *St. Catherine Church v. Mountaintop Area Joint Sanitary Authority*, 58 Pa. Commonwealth Ct. 181, 427 A.2d 726 (1981).

Thereafter, the Church filed a petition for a board of view alleging a de facto taking.[3] The Authority again filed preliminary objections in the nature of a demurrer, a motion to strike and a petition raising the defense of lack of capacity to sue. The trial court, without an evidentiary hearing[4] dismissed the demurrer and the petition raising the defense of lack of capacity to sue. There was no order with respect to the motion to strike.

In his opinion accompanying the order, the trial judge said:

> [N]o map is of record in these proceedings, and it is therefore impossible to determine whether there has or has not been a *de facto* taking. This issue will have to be resolved by the Board of View, after examination of the Authority maps and the deposition of Rev. Edward P. Nolan. We are not in a position at this point to dismiss the proceedings for failure to state a cause of action. (Emphasis in original.)

It is the Authority's contention that notwithstanding the trial judge's order dismissing the demurrer, the trial judge's opinion clearly indicates that he was vesting the board of view with the authority to determine the issue of whether or not a de facto taking has

---

[3] Section 502(e) of the Code, 26 P.S. §1-502(e).

[4] The record as certified to us contained depositions including the deposition of Rev. Edward P. Nolan. The trial judge refers to Rev. Nolan's deposition but only as a matter to be considered by the board of view. The trial judge made no findings based upon any of the depositions.

occurred. The Church argues that the trial court had sufficient facts and averments to determine that a de facto taking had occurred.

The issue, of course, is not whether the trial court had sufficient facts and averments to determine that a de facto taking had occurred, but rather whether the trial court *did* determine that which by law he, rather than the board of view, was obligated to do.

> This Court has consistently held that where a party has filed preliminary objections to a petition for the appointment of viewers, the trial court may not dismiss those objections without first conducting an evidentiary hearing to determine whether there has been a de facto taking or other compensable injury.

*City of Philadelphia v. Martorano,* 38 Pa. Commonwealth Ct. 573, 575, 394 A.2d 674, 675 (1978).

As we have noted, the trial judge here did dismiss the preliminary objection in the nature of a demurrer and he did so without an evidentiary hearing. More importantly, his opinion clearly indicates that he was specifically delegating to the board of view the determination of whether or not a de facto taking had occurred. We can reach no conclusion other than that the trial judge erred as a matter of law.

It is necessary, therefore, under these circumstances to reverse the trial court's order[5] and remand the case for further proceedings.

### ORDER

The order of the Court of Common Pleas of Luzerne County entered October 30, 1981 at No. 879-C-1 of 1980 is reversed as to that part thereof which dismissed the preliminary objection of the Authority in

---

[5] The Authority challenges only that part of the trial court's order which dismissed its demurrer.

the nature of a demurrer and the case is remanded for further proceedings not inconsistent with the foregoing opinion.

Jurisdiction relinquished.