606 A.2d 589

**Grace FULMER, Appellant,**

**v.**

**WHITE OAK BOROUGH, a municipal corporation, Appellee.**

**Charles F. FULMER and Janet Fulmer, his wife, Appellants,**

**v.**

**WHITE OAK BOROUGH, a municipal corporation, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1991.

Decided March 19, 1992.

John J. Myers, for appellants.

Maria Zulick, for appellee.

Before CRAIG, President Judge, DOYLE, (P.) J. and SILVESTRI, Senior Judge.

DOYLE, Judge.

These are consolidated appeals by Charles G. Fulmer, Janet Fulmer, his wife, and Grace Fulmer (collectively, the

Fulmers) from two orders of the Court of Common Pleas of Allegheny County dated January 12, 1989, granting White Oak Borough's (Borough) motions for summary judgment.

The Fulmers own parcels of real property in White Oak Borough, Allegheny County, which are located along Center Street and extend back to Stepanik Road. The Fulmers allege that on September 26, 1983, the Borough, in the course of grading and excavating Stepanik Road, exceeded its legal right-of-way and entered the Fulmers' properties by five or six feet. The Fulmers also allege that the Borough negligently cut into a steep hillside on their properties creating an embankment, and that this has caused the destruction of shrubs and trees as well as increased the potential for mud slides and erosion of their properties.

The Borough has denied all of these allegations and maintains that it had acted within its authority granted by the Borough Code [1] to remove dirt and debris from the Fulmers' properties which interfered with the proper and safe use of Stepanik Road.

The Fulmers instituted suit against the Borough, asserting a cause of action sounding in trespass and negligence. The Borough filed an answer and counterclaim denying the Fulmers' allegations and seeking reimbursement for the expense of the Borough's removal of debris along Stepanik Road. It also asserted in new matter that it was protected by governmental immunity and that the Fulmers' cause of action, if any, would be under the Eminent Domain Code (Code). [2]

The Borough then filed its motions for summary judgment asserting that the Fulmers' exclusive remedy was under the provisions of the Code, and that their asserted cause of action in tort was improper. The trial court agreed

1. *See* Sections 1701, 1761 and 1781 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§ 46701, 46761, 46781.

2. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1-101-1-901.

with the Borough.[3] The Fulmers appeal arguing that they may proceed in either trespass or under the Code at their option. We affirm the order of the trial court.[4]

A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). Summary judgment is only appropriate in a case which is clear and free from doubt, and all doubts as to the existence of a material fact must be resolved against the moving party. A fact is material if it directly affects the disposition of a case. *Allen v. Colautti*, 53 Pa.Commonwealth Ct. 392, 417 A.2d 1303 (1980).

Before we reach the question of whether the exclusive remedy available to the Fulmers is that provided for by the Code, we must determine whether the Fulmers are entitled to proceed under the Code in the first place. Acts not done in the exercise of eminent domain and not the immediate, necessary or unavoidable consequences of such exercise cannot be the basis of a proceeding in eminent domain. *Enon Valley Telephone Co. v. Market*, 90 Pa.Commonwealth Ct. 53, 493 A.2d 800 (1985). In determining whether a particular action is an exercise of eminent domain or a trespass, we must focus upon the nature of the acts complained of. *Condemnation of the Land and Property of Jacobs*, 55 Pa.Commonwealth Ct. 142, 423 A.2d 442 (1980), *appeal dismissed as improvidently granted sub*

3. Our review of the record indicates that the Borough filed no depositions, interrogatories, admissions on file, or affidavits in support of its motion. Likewise, the Fulmers filed no supporting documents in opposing the motion. We note, therefore, that the Borough's motion may have been more properly treated as a motion for judgment on the pleadings rather than a motion for summary judgment. See Pa.R.C.P. No. 1034.

4. Our review of the trial court's order is limited to a determination of whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law. *Mann v. City of Philadelphia*, 128 Pa.Commonwealth Ct. 499, 563 A.2d 1284 (1989), *petition for allowance of appeal denied*, 525 Pa. 622, 577 A.2d 892 (1990).

*nom. Jacobs v. Nether Providence Township*, 499 Pa. 337, 453 A.2d 336 (1982). Where a landowner suffers specific damage to his property as a result of the negligent actions or tortious acts of the condemning body, the proper action lies in trespass. *Enon Valley Telephone Co.; City of Pittsburgh v. Gold*, 37 Pa.Commonwealth Ct. 438, 390 A.2d 1373 (1978). The answer to when an act which destroys private property is the immediate, necessary and unavoidable consequence of the exercise of eminent domain and when it is instead a negligent and tortious act, is discoverable by an examination of the cases in which a landowner has been prevented from proceeding in eminent domain.

The cases in which landowners have been prevented from proceeding in eminent domain and have been relegated to a cause of action in negligence are those in which the entity possessing the power of eminent domain indirectly, through either a third party or some external agent, has caused damage or destroyed private property. *See Espy v. Butler Area Sewer Authority*, 63 Pa.Commonwealth Ct. 95, 437 A.2d 1269 (1981) (*contractor* hired by sewer authority negligently installs sewer outside of right-of-way); *Deets v. Mountaintop Area Joint Sanitary Authority*, 84 Pa.Commonwealth Ct. 300, 479 A.2d 49 (1984) (*contractor* hired by sewer authority negligently installs sewer outside of right-of-way); *Lehan v. Department of Transportation*, 22 Pa.Commonwealth Ct. 382, 349 A.2d 492 (1975) (no cause of action in eminent domain where waste deposited into highway drain system by neighbor produced injury to land); *Bilardi v. Department of Transportation*, 89 Pa.Commonwealth Ct. 272, 492 A.2d 471 (1985) (water damage did not result from the exercise of eminent domain but rather was the result of Department of Transportation's negligently advising owner as to construction of drainage ditch and installation of wrong size water pipe); *Lutzko v. Mikris, Inc.*, 48 Pa.Commonwealth Ct. 75, 410 A.2d 370 (1979) (no condemnation within the meaning of the Code occurs where Department of Transportation negligently changes grade of state highway causing water runoff damage); *Department*

*of Transportation v. Castillo,* 14 Pa.Commonwealth Ct. 22, 321 A.2d 394 (1974) (damage caused by Department's improper storage of chemicals is not the direct or unavoidable consequence of the storage itself and so is negligence and not de facto taking).

Similarly, landowners have been relegated to an action in trespass when an entity possessing the power of eminent domain has caused damage to private property in a more direct manner, but where the damage is not incidental to or the result of the exercise of that eminent domain power. *See, e.g., Jacobs* (township may have negligently issued building permits for construction which resulted in flooding damage to neighboring properties, but such action was not related or incidental to exercise of power of eminent domain and landowners could not proceed under Code); *Enon Valley Telephone Co.* (landowner may only proceed in trespass where telephone company installs equipment on land on which it mistakenly believes it has a right-of-way).

These cases are factually distinguishable from the instant case. Viewing the facts in the instant case in the light most favorable to the Fulmers (the non-moving party), the Borough actually entered and appropriated their land. The Fulmers have alleged that the Borough exceeded its right-of-way on Stepanik Road, leveled a hill creating an embankment, and destroyed trees and shrubs. We take this to mean that the Borough is permanently occupying the land and using it in connection with Stepanik Road. This Court has held that where an entity clothed with the power of eminent domain enters upon and appropriates for its own use the private property of another, the landowner may treat this as a valid condemnation even though the statutorily described procedure was not followed. *O'Keefe v. Altoona City Authority,* 9 Pa.Commonwealth Ct. 397, 304 A.2d 916 (1973). While the question of when a de facto taking has occurred may be a difficult one, it is clear that when property is actually taken or entered, a condemnation has occurred. *See Ewalt v. Pennsylvania Turnpike Commission,* 382 Pa. 529, 115 A.2d 729 (1955). We thus con-

clude that the actions of the Borough were the kind of direct and immediate cause of the Fulmers' damages which are necessary to sustain an action in eminent domain.

Moreover, while the Fulmers have alleged in a conclusory manner that the Borough acted negligently in this case, they have alleged no factual basis that would support that conclusion. In fact, the Fulmers alleged that the Borough exceeded its right-of-way, excavated part of a hill and destroyed shrubs and trees, and in effect is occupying part of the Fulmers' land. This would suggest that the Borough in fact *intended* to take the land, allegations which are much more consistent with a theory that the Borough's actions were not negligent but were rather done in the exercise of the right of eminent domain. In short, by alleging that the Borough exceeded its right-of-way and leveled a hill, essentially permanently occupying the land, the Fulmers are alleging that the Borough's action is an exercise of the eminent domain power. We, therefore, conclude that the Fulmers may proceed under the Code.

■ The next issue, and the one framed by the parties to this appeal, is whether the Code represents the exclusive method by which the Fulmers may obtain compensation for the injuries they have allegedly suffered.

The Fulmers argue that their trespass action is proper in this case because a landowner may proceed under *either* the Code or in trespass in such a situation and they rely on *Deets* for this proposition.

We reject this argument for several reasons. First, the rule of law cited does not form a part of the holding of *Deets* but merely appears as dicta, and we are, of course, not bound thereby.

Second, a careful examination of the statement and its precedential support reveals that it is based on case law which is now obsolete and is further based on misinterpretations of prior case law. This rule proposed in *Deets* was repeated as dicta in *Hanna v. City of Allentown*, 125 Pa.Commonwealth Ct. 290, 557 A.2d 1147 (1989), and in

*Quaker City Gun Club v. City of Philadelphia,* 99 Pa.Commonwealth Ct. 259, 512 A.2d 815 (1986), where the rule did form a part of the holding. But, *Deets, Hanna,* and *Quaker City Gun Club,* in turn, all rely upon two Supreme Court cases, *Pittsburgh National Bank v. Equitable Gas Co.,* 421 Pa. 468, 220 A.2d 12, *cert. denied,* 385 U.S. 988, 87 S.Ct. 600, 17 L.Ed.2d 449 (1966), and *Garland Chain Co. v. Rankin Borough,* 226 Pa. 389, 75 A. 607 (1910), as precedent.

In *Pittsburgh National Bank,* the landowner had purchased property located in Patton Township, Allegheny County, in 1921. In 1951 the property was incorporated into Monroeville Borough. In 1956, a public utility laid a gas line along the frontage of the property and the landowner brought an action in trespass contending that the line had been laid beyond the confines of the public right of way and wholly within the boundaries of the landowner's property. The trial court ruled that the evidence did not sustain this allegation and that in any event the landowner had pleaded that the line was installed within the public right-of-way.

The trial court awarded the landowner compensation because, while an existing public street or road located in a city or borough could be used for any public service without additional compensation due the abutting landowners, the same was not true for streets or public roadways located within a township. *46 South 52nd Street Corporation v. Manlin,* 398 Pa. 304, 157 A.2d 381 (1960); *Sterling's Appeal,* 111 Pa. 35, 2 A. 105 (1885). The trial court had reasoned that since the road involved was initially located within a township when it was originally opened for public use, the public acquired only the rights of travel thereon.

The issue presented to the Supreme Court in *Pittsburgh National Bank* was thus whether the street in question was to be considered as located within the Borough or as located within the township for the purposes of granting

the abutting landowner compensation.[5]  The thrust of the
Supreme Court's opinion, therefore, had nothing at all to do
with the rule of law for which it is cited as authority in
*Deets, Hanna,* and *Quaker City Gun Club.*

The only reference to such a proposition is contained in a
single sentence of the *Pittsburgh National Bank* opinion.
In this sentence, the Supreme Court notes that "[t]he plain-
tiff has elected to consider the alleged trespass as an
appropriation of a right of way for the pipeline, and to have
the damages assessed as if the action were an eminent
domain proceeding." *Pittsburgh National Bank,* 421 Pa.
at 470, 220 A.2d at 14.  This statement falls far short of a
declaration that a landowner may proceed in either eminent
domain or trespass at his option where an entity takes
private property without a declaration of taking.

Even more important is the fact that the Supreme Court
decided this case without reference to the Code.[6]  Although
the case was decided after the enactment of the Code in
1964, the suit was begun in 1956 and the Court's reference
to the landowner's decision to proceed in eminent domain
rather than trespass is clearly referring to a decision the
landowner made in 1956.  The Code itself is clear that it is
only intended to apply to condemnations effected after its
effective date.  *See* Section 302 of the Code, 26 P.S. § 1–
302.  Therefore, even if this single reference could be
interpreted as mandating the election of remedies asserted
in *Deets* and its progeny, *Pittsburgh National Bank* is not
controlling on this question because it is based upon prior
law and does not take into account the exclusive nature of
the Code.

In *Garland Chain Co.,* decided in 1910, 54 years prior to
the enactment of the Code, a borough had passed a condem-
nation ordinance to lay a sewer on land owned by the

---

5. The Supreme Court discarded the distinction between city streets
and rural roads and held that the rule applicable to city streets was
equally applicable to rural roads. *See also Miller v. Nichols,* 363
Pa.Superior Ct. 508, 526 A.2d 794 (1987).

6. The Code is not cited in the opinion.

plaintiff. When the sewer was actually laid, it was laid outside of the specified strip of land. The plaintiff initially petitioned for a board of viewers, and later tried to introduce testimony seeking to establish a tort claim. The court held that the plaintiff could have treated the unlawful entry on its land outside of the location fixed by the ordinance as a trespass, but having proceeded in eminent domain, it was precluded from recovering for the alleged tortious acts. The decision to proceed in eminent domain was treated by the court as a ratification by the plaintiff of the location of the sewer.

Thus, *Garland Chain Co.* does not actually stand for the proposition asserted in *Deets* and its progeny. The facts of *Garland Chain Co.* indicate that the actions of the borough were essentially negligent acts. Because the borough's action was negligent and not the result of an act of eminent domain, the plaintiff in *Garland Chain Co.* could have proceeded in trespass. The plaintiff was permitted to proceed in eminent domain because the court treated his petition for a board of viewers as a ratification of the location of the sewer within the proper right-of-way.

Thus, *Garland Chain Co.* also does not stand for the election of remedies doctrine. Even if it did, however, it would not be helpful to the Fulmers because, like *Pittsburgh National Bank, Garland Chain Co.* dealt with events which occurred before the passage of the Code and the law in effect then had no provision similar to the present Section 303 of the Code.[7]

Therefore, because we conclude that the election of remedies doctrine set forth in *Deets, Hanna* and *Quaker City Gun Club* is based on case law which predated the enactment of the Code and is further based on a partial misinterpretation of *Garland Chain Co.,* we hereby expressly disavow such a rule.

Section 303 of the Code states that the Code is intended to provide a complete and *exclusive* procedure to govern all

7. See discussion of Section 303, *infra.*

condemnations of property for public purposes and the assessment of damages therefore. 26 P.S. § 1–303. The language of this Section is clear and unmistakable. Where a landowner's property has been taken by an exercise of eminent domain, whether it be a de facto taking or by filing of a declaration, a landowner's only recourse is to proceed under the Code. An action in trespass is not available in such a situation.

The key determination is, of course, the nature of the act complained of. If the act is not one performed in the exercise of the eminent domain power, then a landowner cannot proceed under the Code and is limited to whatever tort action he might have. If, however, the act is one performed in the exercise of the eminent domain power, then the landowner must proceed under the Code.

While our cases have not directly addressed this issue previously, we believe that this conclusion is mandated by our holding in *St. Catherine Church v. Mountaintop Area Joint Sanitary Authority*, 58 Pa.Commonwealth Ct. 181, 427 A.2d 726 (1981).[8] In *Saint Catherine*, landowners filed an action in trespass and ejectment, alleging that a sewer authority entered their lands and constructed sewer lines across them without filing any declaration of taking or otherwise exercising its power of eminent domain. The trial court reasoned that the exclusive remedy was to treat the alleged authority action as a de facto taking and petition for the appointment of viewers under Section 502 of the Code. On appeal the landowners argued that this remedy was inadequate because viewers can only assess damages, and they were seeking the ouster of the authority as well as damages. We held that the proper procedure was for the landowners to sue in equity to require the authority to file a declaration of taking which could then be challenged under the Code. We also held, by implication, that the trespass

8. We have held that the Code, and not an action in equity, is the exclusive means by which a taking can be challenged. *Lerro v. Department of Transportation*, 32 Pa.Commonwealth Ct. 372, 379 A.2d 652 (1977); *Vance v. Kassab*, 15 Pa.Commonwealth Ct. 328, 325 A.2d 924 (1974).

action seeking damages was also properly dismissed and therefore the Code is the exclusive method for seeking damages when a taking has occurred. *See also Mountaintop Area Joint Sanitary Authority v. St. Jude Church*, 73 Pa.Commonwealth Ct. 185, 457 A.2d 1024 (1983) (Commonwealth Court affirming trial court's order stating that damages sought by landowner must be resolved pursuant to the Code).

Any damage caused to the Fulmers' properties beyond the land actually appropriated by the grading of Stepanik Road is expressly covered by the Code. Section 612 of the Code provides, *inter alia*, that all condemnors are liable for damages to property abutting the area of an improvement resulting from a change of grade in a road or highway, whether or not any property is taken. 26 P.S. § 1–612. Thus, should the Fulmers prove their case in eminent domain, the Code provides a complete remedy.

Based on the foregoing discussion, the order of the trial court granting the Borough's motion for summary judgment is affirmed.[9]

## ORDER

NOW, March 19, 1992, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

[9]. In granting the Borough's motion for summary judgment as to the Fulmers' trespass action, we hasten to add that, in accordance with the trial court's order, the Fulmers are free to refile their action as a proceeding under the Code.