641 A.2d 681

**Joseph V. FISHER and Laverne B. Fisher, Appellants,**

v.

**WTG–CENTRAL, INC., and National Transit Company.**

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 1994.

Decided April 21, 1994.

Reargument Denied May 31, 1994.

Charles W. Robinson, for appellants.

Jan Z. Krasnowiecki, for appellee WTG–Cent., Inc.

Mary J. Hackett, for appellee National Transit Co.

Before SMITH and NEWMAN, JJ., and KELTON, Senior Judge.

NEWMAN, Judge.

Joseph V. and Laverne B. Fisher (Fishers) appeal from an order of the Court of Common Pleas of Butler County (trial court) which sustained the preliminary objections filed by WTG–Central, Inc. (WTG) and National Transit Company (NTC) to the Fishers' complaint and dismissed said complaint. We affirm.

On November 16, 1992, Fishers filed a four count complaint in the trial court averring the following facts. The Fishers own two contiguous tracts of land in Butler County which they acquired in 1961 and 1962. Three, side-by-side, continuous lines of subsurface pipe traverse this property near the centerline. The Fishers claim that title to all of the pipe is vested solely in them.

On March 30, 1988, WTG, a telecommunications company, obtained a quitclaim assignment without warranty from NTC for one of the three pipelines. NTC had previously used the pipelines for transportation of petroleum products. This assignment was recorded on April 30, 1988. In October, 1988, WTG requested that the Fishers sign a right-of-way reinstatement covenant, offering them $100.00 for use of the pipeline. The Fishers refused the offer.

The Fishers further averred that sometime after they rejected WTG's offer, WTG, without the knowledge or consent of the Fishers, secretly inserted sheaths of fiber optic cable through the pipeline and have continuously occupied and used the strip of land since that time. The Fishers were not made aware of the presence of the cable until their property manag-

er[1] discovered a sign warning that WTG had taken up occupancy of and was using the strip of land as a telecommunications right-of-way and the pipeline as a fiber optic cable conduit.

In Count I of their complaint, the Fishers asserted that WTG has been unjustly enriched by its occupancy and use of the land and requested damages in excess of $20,000. In Count II, the Fishers claimed that they are entitled to the exclusive and peaceful possession of the pipeline and the surrounding property and requested that judgment be entered in their favor for possession of the strip of land and the pipeline. Finally, in Counts III and IV of their complaint, the Fishers asserted that when they purchased the property they did so in good faith and without notice of any outstanding rights or interests of others. They further contended that if NTC ever had title to the pipeline and/or the right-of-way, NTC abandoned the same. Alternatively, the Fishers claimed that if NTC did not abandon the right-of-way, such right-of-way was created for one purpose, that of transporting petroleum through environmentally safe pipe; thus, NTC had no right or power to grant WTG a telecommunications right-of-way. Accordingly, the Fishers requested that the trial court enter judgment in their favor declaring that they were bona fide purchasers and that the property is not subject to a pipeline right-of-way in favor of NTC nor a telecommunications right-of-way in favor of WTG.

In response to the Fishers' complaint, WTG filed preliminary objections asserting the following. On December 1, 1988, WTG, a publicly regulated utility corporation vested with the power of eminent domain, condemned the right to run a fiber optic cable through a pipeline traversing the Fishers' property by filing a petition for approval of bond and a declaration of taking. On or about January 6 and January 24, 1989, after trial court approval of the bond, WTG inserted the fiber optic cable into the pipeline. WTG further asserted that the Fishers did not file an equity action to challenge WTG's condemnation, nor did they otherwise object to WTG's power to con-

1. The Fishers are residents of Summerland Key, Florida.

demn and claim title to the underlying easement in the context of the condemnation proceeding. Instead, the Fishers filed a petition for the appointment of viewers, seeking valuation and an award of damages for the taking. The Board of Viewers issued its report and award on July 6, 1992, and WTG appealed to the trial court.[2]

In its preliminary objections, WTG contended that the Fishers failed to state a cause of action. Specifically, WTG asserted that to the extent that the Fishers' complaint seeks damages for WTG's occupancy and use of the pipeline right-of-way, their claims are limited to the damages prescribed by the Eminent Domain Code (Code),[3] and those issues are subsumed in and precluded by the pending condemnation proceedings. WTG further contended that to the extent that the Fishers' complaint otherwise disputes WTG's occupancy and use of its pipeline right-of-way, such claims should have been but were not raised prior to the filing of the petition for the appointment of viewers and are, therefore, waived. Finally, WTG asserted that the Fishers' claims of nonuse or inconsistent use of the easement are insufficient as a matter of law.

NTC also filed preliminary objections in the nature of a demurrer claiming that under Pennsylvania law, nonuse of a right-of-way cannot give rise to abandonment. NTC asserts, therefore, that the Fishers' claims of abandonment because of nonuse are insufficient as a matter of law and that Counts III and IV of the Fishers' complaint should be dismissed.

The Fishers filed an answer to the preliminary objections of WTG and NTC wherein they alleged that this action is not subsumed by the condemnation proceeding because no pipeline exists under the right-of-way taken by WTG in the condemnation proceeding. More specifically, the Fishers alleged that a comparison of the course and distance plan filed with WTG's declaration of taking and the scaled plan attached

---

**2.** The report and award of the Board of Viewers is not a matter of record in this proceeding. WTG's appeal from the award is currently pending before the trial court.

**3.** Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101 to 1–903.

to the Fishers' complaint reveals that the property condemned by WTG in the eminent domain action is 300 feet east of the centerline of the pipeline right-of-way.

On March 18, 1993, the trial court sustained the preliminary objections of WTG and NTC. The trial court concluded that the Fishers did not have an independent cause of action for unjust enrichment or ejectment because a declaration of taking was filed by WTG. The trial court further concluded that the Fishers failed to plead sufficient facts to support their claim of abandonment. Accordingly, the trial court dismissed the Fishers' complaint.

The Fishers appealed to the Superior Court on April 16, 1993. WTG objected to the court's jurisdiction and by order dated May 7, 1993, the Superior Court transferred the appeal to this court.

■ The sole issue presented on appeal is whether the trial court erred in concluding that the Fishers failed to state a cause of action against WTG and NTC. Our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Wurth by Wurth v. City of Philadelphia,* 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990).

■ The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Scarpitti v. Weborg,* 530 Pa. 366, 609 A.2d 147 (1992). In resolving this question, the court must accept as true all well pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom. *Powell v. Drumheller,* 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993). Where a doubt exists as to whether a demurrer should be sustained, the doubt must be resolved in favor of overruling it. *Id.*

■ With respect to Counts I and II of their complaint, the Fishers assert that where, as here, an entity exceeds the scope of its taking by occupying property outside the boundaries of its franchise, an aggrieved property owner may resort to

remedies outside of the Code. We disagree and find *Fulmer v. White Oak Borough*, 146 Pa.Commonwealth Ct. 473, 606 A.2d 589 (1992), to be controlling.

In *Fulmer*, the plaintiffs/landowners (Fulmers) filed a complaint alleging that the Borough, in the course of grading and excavating a road, exceeded its legal right-of-way and entered and appropriated the Fulmers' property. This court concluded that when the Borough, an entity clothed with the power of eminent domain, entered upon and appropriated for its own use the private property of the Fulmers without following the statutorily described procedure, a *de facto* taking occurred. We further concluded that "[w]here a landowner's property has been taken by an exercise of eminent domain, whether it be a *de facto* taking or by filing a declaration, a landowner's only recourse is to proceed under the Code." *Fulmer* at 483, 606 A.2d at 593.

In the present action, the Fishers assert that WTG is currently occupying land which is 300 feet away from the property which WTG took via its declaration of taking. Thus, the Fishers are asserting that WTG, an entity clothed with the power of eminent domain, has taken additional land without following the statutorily prescribed method. Accepting this assertion as true, as we must for purposes of a demurrer, we conclude that a *de facto* taking has occurred with respect to the additional land.

Because WTG's alleged action in occupying additional land under a claim of right is a *de facto* taking, the Fishers only recourse is to proceed under the Code [4] and file a petition for the appointment of a Board of Viewers for the assessment of damages. *Fulmer; Ramad Realty Corporation v. Springettesburg Township Sewer Authority*, 10 Pa.Commonwealth Ct. 1, 309 A.2d 80 (1973). Accordingly, we conclude that the trial court properly dismissed Counts I and II of the Fishers' complaint.

4. *See* Section 303 of the Code which provides in pertinent part that the Code is intended "to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor...." 26 P.S. § 1–303.

With respect to Counts III and IV of the complaint, the Fishers assert that the trial court erred in concluding that insufficient facts were pled in support of the Fishers' claim of abandonment of the right-of-way. We disagree.

■ In order to find that a right-of-way has been abandoned, there must be an intention to abandon, accompanied by external acts by which the intention is carried out. *Thompson v. Maryland and Pennsylvania Railroad Preservation Society,* 417 Pa.Superior Ct. 216, 612 A.2d 450 (1992), *petition for allowance of appeal denied,* 533 Pa. 635, 621 A.2d 581 (1993). These acts may consist of the following: (1) adverse possession by the owner of the servient tenement; or (2) affirmative acts by the owner of the easement that renders the use of the easement impossible; or (3) obstruction of the easement by the owner of the easement in a manner that is inconsistent with its further enjoyment. *Piper v. Mowris,* 466 Pa. 89, 351 A.2d 635 (1976); *Thompson.*

■ In support of their claim of abandonment, the Fishers pled that the pipeline was old, out-dated, and environmentally unsound as a petroleum conduit; that the easement was unrecorded; and that NTC filed numerous and sundry documents before the Pennsylvania Public Utility Commission strongly evidencing that, long before WTG purchased the quitclaim assignment without warranty from NTC, it intended to abandon any and all public pipeline services, rights of way, and pipelines.

However, the Fishers failed to plead facts which would establish adverse possession, an affirmative act on behalf of NTC or WTG which would render use of the easement impossible, nor have they pled any facts to establish that NTC or WTG have obstructed the easement in a manner that is inconsistent with either party's further enjoyment. Therefore, we conclude that the trial court did not err in dismissing Counts III and IV of the Fishers' complaint.[5]

5. The Fishers also claim that the trial court erred in not granting leave to amend their complaint. A review of the record indicates, however,

Accordingly, the order of the trial court sustaining the preliminary objections of WTG and NTC and dismissing the Fishers' complaint is affirmed.

## ORDER

AND NOW, April 21, 1994, the order of the Court of Common Pleas of Butler County in the above-captioned matter is affirmed.

that the Fishers failed to request leave to amend. Accordingly, we conclude that the trial court acted properly.