

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2005

# Ash v. Redevelopment Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4356

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ash v. Redevelopment Auth" (2005). *2005 Decisions.* Paper 760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4356
_____

PETER M. ASH,

Appellant

v.

REDEVELOPMENT AUTHORITY OF PHILADELPHIA;
LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No.  04-cv-4644)
District Judge: Honorable John P. Fullam
_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2005

Before:  ALITO, SMITH and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: August 1, 2005)

_____

OPINION
_____

PER CURIAM

*Pro se* appellant Peter M. Ash appeals the District Court's dismissal of his complaint in which he sought to challenge state court legal proceedings involving two real estate parcels located in Philadelphia, Pennsylvania: 1441 Ellsworth Street and 4555 Lancaster Avenue. We will affirm the District Court's order.

In 2003, the Redevelopment Authority of the City of Philadelphia ("the Redevelopment Authority") filed in the Court of Common Pleas an action to condemn the property at 1441 Ellsworth Street. At the same time, the property at 4555 Lancaster Avenue was subject to an order, entered in a separate civil action in the Court of Common Pleas, permitting it to be sold at sheriff's sale.[1] In October 2004, Ash filed a civil rights complaint and a petition for a temporary restraining order in the United States District Court for the Eastern District of Pennsylvania against the Redevelopment Authority and Linebarger Goggan Blair & Sampson, LLP ("Linebarger Goggan"), a lawfirm overseeing the collection of unpaid property taxes on 4555 Lancaster Avenue. Ash alleged due process and equal protection violations, the basis of which is the unlawful taking of the property. At a hearing held on the petition for a temporary restraining order, the District Court concluded that because Ash had not utilized available state remedies to pursue his claims, the claims had not yet ripened. The District Court consequently dismissed Ash's

---

[1] According to the parties, the property at 4555 Lancaster Avenue was sold at sheriff's sale in November 2004. See Brief for Appellee Linebarger Goggan Blair & Sampson, LLP, 5; Reply Brief of Appellant, 3.

2

complaint without prejudice.[2]

Our review of the District Court's determination of ripeness is plenary. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 597 (3d Cir. 1998). The Fifth Amendment, made applicable to state and local governments under the Fourteenth Amendment, proscribes the taking of private property for public use without just compensation. U.S. CONST. amend. V, XIV; Cowell v. Palmer Township, 263 F.3d 286, 290 (3d Cir. 2001). It does not require that the compensation be paid prior to the taking, only that "a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985) (cite omitted). "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 195. Indeed, "[s]tate courts are fully competent to adjudicate constitutional challenges to local land-use decisions." San Remo Hotel v. City and County of San Francisco, – S. Ct. –, 2005 WL 1421451, at *13 (June 20, 2005).

Pennsylvania's Eminent Domain Code provides that a condemnee is entitled to just compensation for the taking, injury, or destruction of his property. See 26 Pa. Const. Stat.

---

[2] Normally, the dismissal of a complaint without prejudice is not appealable unless the plaintiff cannot amend the complaint or where the plaintiff declares the intention to stand on the complaint as filed, whereupon the District Court's order becomes final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Here, we have jurisdiction to review the District Court's determination that Ash's federal takings claim is not yet ripe. See Cowell v. Palmer Twp., 263 F.3d 286, 287 (3d Cir. 2001)

Ann. § 1-601.  In addition, it provides for a procedure in state court by which a property owner may pursue relief for the taking of his property.  See 26 Pa. Const. Stat. Ann. § 1-502.  The Code also states that "[i]t is intended by this act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor . . . ."  26 P.S. §1-303; see also Fulmer v. White Oak Borough, 606 A.2d 589, 593- 4 (Pa. Commw. Ct. 1992) ("Where a landowner's property has been taken by an exercise of eminent domain, whether it be a de facto taking or by filing of a declaration, a landowner's only recourse is to proceed under the Code.").

Ash does not allege that there are no state court remedies available to him or that he tried to bring a state court action under the Eminent Domain Code.  Because Ash has not utilized state remedies, he has not been denied just compensation.  Thus, he cannot at this time show a violation of the Just Compensation Clause and his taking claim is not ripe for review.  See Cowell, 263 F.3d at 291 ("Because the plaintiffs have not availed themselves of the appropriate procedures under Pennsylvania law to obtain just compensation, we agree with the District Court that their takings claim is not ripe.").

Because Ash's due process and equal protection claims are premised on his allegation of an unlawful taking, they too are premature.  See Taylor Investment Ltd. v. Upper Darby Township, 983 F.2d 1285, 1292-95 (3d Cir. 1992) (applying Williamson finality rule to substantive due process, procedural due process, and equal protection claims).  Indeed, until Ash has pursued his remedies in state court, a federal court cannot

4

make a complete determination as to his allegations that he did not receive proper notice of the state court proceedings and that he was treated differently based on his race. Entertaining these claims would allow Ash to circumvent the ripeness doctrine. See Bateman v. City of West Bountiful, 89 F.3d 704, 709 (10th Cir. 1996) (recognizing "that the ripeness requirement of Williamson applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim"). Accordingly, we believe the District Court correctly dismissed Ash's claims without prejudice.

To the extent Ash's complaint seeks to challenge on equal protection grounds the Court of Common Pleas order allowing the property at 4555 Lancaster Avenue to be sold at sheriff's sale, he is barred by the Rooker-Feldman doctrine. Cf. In re Knapper, 407 F.3d 573, 580-81 (3d Cir. 2005) (holding that Rooker -Feldman doctrine prevented bankruptcy court from exercising subject matter jurisdiction over action brought by debtor to set aside sheriff's sales because of alleged due process violations). As Linebarger Goggan notes, "Ash made no effort to pursue any available state court remedies" concerning the order, which was entered on May 11, 2000. See Brief for Appellee Linebarger Goggan, 7. Consequently, we understand that the order was final when Ash filed his complaint in the District Court in October 2004. See Exxon Mobil Corp. v. Saudi Basic Indust., Corp., 125 S. Ct. 1517, 1526-27 (2005).

Ash also appears to allege that his property was improperly taken for a private use. See Appellant's Informal Brief, 7. To the extent this claim is not precluded by Kelo v.

City of New London, Conn., --S.Ct. --, 2005 WL 1469529 (June 23, 2005), it need not be considered here because Ash did not assert it in the District Court. See Brown v. Phillip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001) ("[A]rguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible of review in this Court absent exceptional circumstances.").

For the above reasons, we will affirm the District Court's order dismissing Ash's complaint without prejudice. Ash's motion for the preservation of physical evidence is denied.